In re Petition for Reinstatement of Kearns.

[Cite as Reinstatement of Kearns (1971),
28 Ohio St. 2d 121.]

(No. DD 17—Decided December 8, 1971.)

*Per Curiam.* On June 3, 1955, petitioner, Frank H. Kearns, was convicted of embezzlement of public funds in the amount of $210. Under the Court of Common Pleas of Franklin County rules of court, in effect at that time, petitioner filed a voluntary application for disciplinary procedure. On June 18, 1955, the petitioner was placed on probation for one year, the court noting that he had relinquished "his right to practice law for the time being." Upon termination of his probationary period, petitioner obtained employment as a claims examiner with the Ohio Bureau of Workmen's Compensation. He is presently employed by the Industrial Commission, with the rank of Executive VI.

In 1958, petitioner filed with the Court of Common Pleas of Franklin County an application for reinstatement as an attorney. The procedural question of whether the Common Pleas Court had jurisdiction to hear the application* was raised, and the court held that it did not. Upon appeal, the Court of Appeals ruled that the Common Pleas Court had authority to hear and determine the petition for reinstatement, and it was pursuant to this order

---

*The present rule for reinstatement (Rule XVIII [24]) originally went into effect on January 1, 1957.

that the Common Pleas Court proceeded to hear the petition.

The court appointed a committee suggested by the Columbus Bar Association to investigate and report on petitioner's conduct subsequent to his suspension. Upon the basis of the evidence submitted at hearings conducted in 1960, the trial court concluded that petitioner had "conducted himself properly since the order of suspension and that he has rehabilitated himself." The court, concluding that "Frank H. Kearns has sufficiently rehabilitated himself and is of sufficient moral character to be readmitted to the practice of law," ordered that he be readmitted. This court, without opinion, reversed the order of the Common Pleas Court.

On February 22, 1971, Kearns filed a petition for reinstatement with the Board of Commissioners on Grievances and Discipline. In the hearing before the board, petitioner presented witnesses who had direct contact with him at his place of employment. All of them testified that they knew petitioner as a citizen, lawyer and employee of the Industrial Commission. Each witness testified that he had observed petitioner since his suspension, and that his reputation for integrity, competence and reliability is without blemish. All testified that they have utmost confidence in his good character and would confidently trust him with a legal matter. They all stated further that since his suspension, petitioner's conduct has been above reproach and he is fully demonstrative of his complete rehabilitation. In addition, petitioner, with members of his immediate family, testified as to petitioner's conduct in his personal and family life.

The uncontradicted testimony shows that petitioner has at all times refrained from engaging in any conduct which might be interpreted as the practice of law. The evidence also shows that, through reading and discussion with lawyers practicing before the state department of his employment, petitioner has kept informed of developments in the law.

Further, counsel for the Columbus Bar Association stated that the Board of Governors of the Bar Association, after a thorough investigation, had instructed them, in their representation of the Bar Association, that they support petitioner's application for reinstatement. The Bar Association offered no opposition to petitioner's evidence, and unequivocally and affirmatively recommended that, upon the evidence presented in behalf of petitioner, his application for reinstatement be granted; that Frank H. Kearns be readmitted to the practice of law without being required to take a bar examination.

Based upon the evidence before it, the board concluded that Frank H. Kearns has been rehabilitated and possesses the moral character required for admission to the practice of law; the board recommended to this court that the application for reinstatement of petitioner, Frank H. Kearns, be granted and that he be readmitted without being required to pass a bar examination, pursuant to Rule XVIII (26) of the Rules of Practice of the Supreme Court of Ohio.

The entire record in this proceeding convinces us that, based upon the uncontradicted testimony presented to the board, and there being no objection presented in opposition to petitioner's application, this court should adopt the recommendation of the board.

It is therefore ordered that petitioner, Frank H. Kearns, be admitted to the practice of law without being required to pass a bar examination.

*Judgment accordingly.*

O'NEILL, C. J., SCHNEIDER, HERBERT, CORRIGAN, STERN and LEACH, JJ., concur.